affirmed, without costs of this appeal. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur. Settle order on notice before Mr. Justice Rich.

In the Matter of Opening DITMARS AVENUE from Forty-third Street to Astoria Avenue, etc., Borough of Queens, City of New York. Petition of NAVAHOE REALTY COMPANY, Appellant; CITY OF NEW YORK, Respondent. — Order reversed, with ten dollars costs and disbursements, and motion granted with ten dollars costs. We think this case should be distinguished from *Matter of Nunez* (226 N. Y. 246), upon the ground that in that case the conveyance was made after the confirmation of the report of the commissioners, whereas in this case the conveyance was made before such confirmation. The expression of the opinion in that case indicates that the test is the condition at the time of the conveyance, viz.: " Not common ownership thereafter [meaning after confirmation] but common ownership then, [meaning at the time of confirmation] is the tie that links together assessment and award." Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concur.

In the Matter of the Petition of ERNEST HYDE HOLTON and FREDERICK SMITH, Respondents, to Render and Settle Their Account as Executors of GENE C. HOLTON, Deceased. DAISY STANTON HOLTON, Appellant.— Decree of the Surrogate's Court of Kings county modified by fixing the amount of counsel fees at $1,000. The executors' account is surcharged with the sum of $1,000, being the excess paid to the attorneys by the executors over and above the amount of $1,000, which we determine is a just and reasonable charge (*Matter of Meng*, 227 N. Y. 264, 269); and, as so modified, the decree is affirmed, without costs of this appeal. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

C. VICTOR JORDAN, Respondent, v. AMY LOUISE GIBSON NEWLAND, Appellant.— Judgment and order reversed and new trial granted, with costs to abide the event, upon two grounds: (1) That the charge that Sadler was defendant's agent was erroneous; and (2) that the proceedings for the registration of defendant's title, when offered in evidence, conclusively established the line between plaintiff and defendant. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

JOSEPH KAMPNER, Appellant, v. BORDEN'S CONDENSED MILK COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Blackmar, Kelly and Jaycox, JJ., concur; Putnam J., dissents on the ground that the fact that the defendant has been fined for a public nuisance is not irrelevant or redundant in this action at equity.

P. T. McDERMOTT, INC., Respondent, v. LAWYERS MORTGAGE COMPANY, Appellant, and Others, Defendants.— Judgment unanimously affirmed, with costs, upon reargument. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

METROPOLITAN SEWING MACHINE CORPORATION, Respondent, v. AMERICAN ANILINE PRODUCTS, INC., Appellant. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

METROPOLITAN SEWING MACHINE CORPORATION, Respondent, v. AMERICAN ANILINE PRODUCTS, INC., Appellant. (Appeal No. 2.) — Order affirmed,

with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

CLAUDE M. NANKIVEL, Respondent, v. GASTON, WILLIAMS & WIGMORE, INC., Appellant.— Order denying defendant's motion for an interlocutory judgment on its counterclaim affirmed, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

NATIONAL FOUNDRY COMPANY OF NEW YORK, INC., Appellant, v. MORRIS KAUFMAN, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide the event. The plaintiff endeavored to prove an assignment by parol of the contract in suit. An assignment in writing was unnecessary. (*Risley* v. *Phenix Bank of City of N. Y.*, 83 N. Y. 318; *Greene* v. *Republic Fire Ins. Co.*, 84 id. 572; *Fairbanks* v. *Sargent*, 117 id. 320.) The exclusion of conversations between the assignor and plaintiff's president, at folios 131, 132, 133 and 134, was error. A parol assignment being sufficient, the plaintiff was entitled to prove the conversation by means of which that assignment was made. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

FRED NIELSEN, Respondent, v. COASTWISE DREDGING COMPANY, Appellant.— Judgment and order reversed, and new trial granted, costs to appellant to abide the event, for the reason that plaintiff failed to prove negligence on the part of defendant. The alleged defect in the iron bar was not the proximate cause of the accident. The bar inserted in a space three inches deep slipped, not because of the wearing away of one-quarter or one-third of an inch at the corner of the bar, but because the space in which it was inserted was covered with grease and oil placed there by plaintiff. The method of turning over the engine by use of the bar was selected by plaintiff of his own volition. He testifies that the ordinary method was by use of steam. The bar in question was a simple ordinary appliance used before and since without alteration or change, and the accident was occasioned by the manner in which it was used and not by any defects in the bar. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

JAMES J. NEWMAN, Appellant, v. IDA ABRAMS, Respondent.— An undertaking to perfect an appeal from a Justice's Court is fully described by sections 1335 and 3050, Code of Civil Procedure. Hence an order granting leave for a new undertaking to correct misrecitals plainly means such an undertaking as is set forth in such sections; and the order need not in terms direct signatures, mention the number of sureties, or prescribe an acknowledgment, since all these formal essentials are implied. Often motion costs are imposed in granting such leave. This is to discourage loose practice and neglects. (*Eaton* v. *Potts*, 96 Misc. Rep. 182.) But motion costs are not strictly a matter of right, where such amendments are only to correct minor clerical details. However, here plaintiff has to pay ten dollars costs for his opposition, although defendant's notice and undertaking were then inaccurate. Plaintiff's attorney's motion to set aside a service at his office because made on a Saturday before noon was denied, and such denial might have carried motion costs. Hence this court modifies the order so as to grant the amendment of the notice and undertaking, without costs to either party, and to deny plain-